IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RAMON MUNGIA, #1637142,<br>         Plaintiff, | §<br>§<br>§ | |
| v. | § | 3:12-CV-3544-O-BK |
| UNIDENTIFIED DEFENDANTS at the<br>Coffield Unit,<br>         Defendants. | §<br>§<br>§<br>§ | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was referred to the undersigned United States Magistrate Judge. For the reasons that follow, it is recommended that this action be dismissed as barred by the three-strike provision of 28 U.S.C. § 1915(g).

### I. BACKGROUND

Plaintiff, a state inmate, submitted correspondence alleging civil rights violations stemming from the January 2012 confiscation of his legal documents at the Coffield Unit of the Texas Department of Criminal Justice (TDCJ). (Doc. 3 at 1-2). Plaintiff also alleges that prison officials have persistently directed profanity toward him, and that TDCJ Access to Court did not respond to his correspondence. *Id.* Plaintiff neither paid the filing fee nor sought leave to proceed *in forma pauperis*.[1]

---

[1] Although venue for this civil rights action is more appropriate in the United States District Court for the Eastern District of Texas, where the events at issue occurred, *see* 28 U.S.C. § 1391(b), it is more efficient to summarily dismiss than to transfer the case.

## II.  DISCUSSION

28 U.S.C. § 1915(g), the "three-strike" provision of the Prison Litigation Reform Act (PLRA), precludes a prisoner from bringing a civil action *in forma pauperis* if on three or more prior occasions, while confined as a prisoner, he filed civil actions or appeals in federal court that were dismissed, either by a district court or appellate court, as being frivolous, malicious, or for failing to state a claim.  *Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007).

This Court previously found Plaintiff was barred by three strikes.  *See Mungia v. Doe*, No. 3:12-CV-1025-M (N.D. Tex. May 2, 2012) (dismissing case as barred by three-strike provision because Plaintiff, while a prisoner, had filed four prior civil actions that were dismissed as frivolous).  Having accumulated three "strikes," section 1915(g) precludes Plaintiff from proceeding in this action *in forma pauperis* unless he was in "imminent danger of serious physical injury" at the time of filing the complaint.  *See Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998).  His pleadings, even when liberally construed, present no claim that Plaintiff was in danger of any physical injury at the time of filing the same.  *See Carson v. Johnson*, 112 F.3d 818, 822-823 (5th Cir. 1997).  As noted above, Plaintiff only alleges claims related to the confiscation of his legal papers, the use of profane language, and Access to Courts's failure to respond to his correspondence.  Therefore, because Plaintiff has not shown imminent danger of serious physical injury, the District Court should bar him from proceeding *in forma pauperis* under section 1915(g).

## III.  RECOMMENDATION

For the foregoing reasons, it is recommended that this action be **DISMISSED** as barred by the three-strike provision of 28 U.S.C. § 1915(g).  Such dismissal is with prejudice to the

refiling of an *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to the refiling of this lawsuit with full payment of the $350.00 filing fee.

SIGNED September 4, 2012.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE